JiGASKINS, Judge.
The plaintiffs, Mona Heyse and her minor son, Joseph Matthew Heyse, appeal from an order granting summary judgment in favor of the defendants. Earnest Baxley Logging and its insurer, Guarantee Mutual Life Company. The hearing officer denied workers’ compensation benefits to Joseph Matthew Heyse, a posthumous child, arising from the death of his father, Troy Heyse.[1] We affirm the hearing officer’s decision.
FACTS
On October 4,1994, Troy Heyse died when he was run over by a logging skidder while working for Earnest Baxley Logging. It is not disputed that Mr. Heyse was killed while in the course and scope of his employment with the defendant. Mona Heyse was not living with the decedent at the time of his death and Joseph Matthew Heyse was born approximately two months after his father’s death.
Troy and Mona Heyse were married in 1974. On May 9, 1975, a daughter, Tiffany Heyse, was born to the couple. On August 10,1990, Mona Heyse obtained a judgment of separation from Troy Heyse and he was ordered to pay $275.00 per month in child support for Tiffany. Mrs. Heyse did not seek support for herself. Mrs. Heyse also obtained an income assignment order requiring Mr. Heyse’s employer to send a portion of his pay, not to exceed 50 percent of his disposable income, to Support Enforcement Services in Alexandria, Louisiana. However, at the time of his death, Mr. Heyse was in arrears for child support in the amount of $5,193.00. Tiffany Heyse was nineteen years old and married at the time of her father’s death and therefore is not entitled to workers’ compensation benefits.
^On November 2,1993, Mrs. Heyse filed a petition for divorce and a preliminary default judgment was signed and filed by the trial court on October 5, 1994, the day after Mr. Heyse died. During their separation, Mr. and Mrs. Heyse lived together occasionally. According to Mrs. Heyse, they had not lived together for four months prior to Mr. Heyse’s death. However, at the time Mr. Heyse was killed, Mrs. Heyse was pregnant. She gave birth to Joseph Matthew Heyse on December 29, 1994, approximately two months following Mr. Heyse’s death.[2]
Mrs. Heyse filed a claim to recover workers’ compensation benefits for herself and for the decedent’s posthumous son. In her de *114 position, she stated that her husband occasionally gave her small amounts of cash. However, she admitted that, at the time of the accident and death,' she received no support- from Mr. Heyse, stating that the decedent had given her no money for five months prior to his death. Mrs. Heyse was employed at Winn Correctional Center, earning a salary of $14,000.00 per year. She paid her house note and utilities as well as buying food for herself and Tiffany, who resided with her until November 1994. She also stated that when she received child support payments for Tiffany, she did not use any of the money for herself, but used it all for her daughter.
On January 29, 1996, Earnest Baxley Logging and its insurer, Guarantee Mutual Life Company, filed a motion for summary judgment, arguing that Mona and Joseph Matthew Heyse are not the legal dependents of the decedent under La. R.S. 23:1231 because Mona was not living with the decedent and was not actually dependent upon him at the time of the death. The defendants cited jurisprudence holding that a posthumous child cannot be dependent upon a decedent unless the mother was also dependent upon the decedent.
|3Hearing on the motion was held on April 17, 1996. The hearing officer granted summary judgment in favor of Earnest Baxley Logging, dismissing the plaintiffs’ claims for workers’ compensation benefits. The hearing officer found that, under the applicable jurisprudence, because Mona Heyse was not dependent upon the decedent at the time of his death, their posthumous child, Joseph Matthew, was also not dependent upon the decedent and was not entitled to workers’ compensation benefits arising from his death. The hearing officer also found that the child support judgment against the decedent for the support of Tiffany Heyse was irrelevant to the present claim for workers’ compensation benefits for Joseph Matthew Heyse and rejected the plaintiffs’ claim that Joseph Matthew, who is receiving social security benefits, should be entitled to recover the lump sum benefit under La.R.S. 23:1231(B)(2). The plaintiffs appealed.
DISCUSSION
Appellate courts are to review summary judgments de novo under the same criteria that governs the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Curtis v. Curtis, 28,698 (La.App.2d Cir. 9/25/96), 680 So.2d 1327. Under La.C.C.P. art. 966, the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La.C.C.P. art. 969. The procedure is now favored and shall be construed to accomplish these ends. Dempsey v. Automotive Casualty Insurance, 95-2108 (La.App. 1st Cir. 6/28/96) 680 So.2d 675. However, the burden of proof remains on the mover to show through the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, that there is no genuine issue of material fact and that the mover is Uentitled to judgment as a matter of law. Collinsworth v. Foster, 28,671 (La.App.2d Cir. 9/25/96), 680 So.2d 1275.
The plaintiffs assert that-the hearing officer erred in granting summary judgment to the defendants. The plaintiffs contend that, even though Mona Heyse was not dependent upon the decedent, the income assignment order to enforce the decedent’s child support obligation to Tiffany Heyse should operate to establish the dependency of Joseph Matthew Heyse, a posthumous child. The plaintiffs also argue that the defendants are liable for payment of the decedent’s child support ar-rearage and that Joseph Matthew Heyse is entitled to the lump sum death benefits of La.R.S. 23:1231(B)(2). These arguments are without merit.
Dependency of Posthumous Legitimate Child Not Living with Decedent
The plaintiffs argue that the posthumous child of a worker lolled in the course and scope of his employment should be entitled to workers’ compensation benefits where, although the mother was not dependent upon the worker at the time of his death, there was in effect an income assignment order for another child of the marriage.
La.R.S. 23:1231 provides:
*115 A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart. [Emphasis supplied.]
B. (1) If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
(2) However, if the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of 15twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
La.R.S. 23:1251 defines those persons conclusively presumed to be wholly and actually dependent upon the deceased employee. That statute provides:
The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution. [Emphasis supplied.]
La.R.S. 23:1021(3) defines “child” as follows:
(3) “Child” or “children” covers only legitimate children, step-children, posthumous children, adopted children, and illegitimate children acknowledged under the provisions of Civil Code Articles 203 and 205.
In her deposition, Mona Heyse admitted that she was not dependent upon the decedent at the time of his death and does not argue on appeal that she is entitled to workers’ compensation benefits. However, she argues that the hearing officer erred in granting summary judgment in favor of the defendants, denying benefits to Joseph Matthew Heyse, the posthumous legitimate son of the decedent. Under La.R.S. 23:1021(3), set forth above, a “child” includes a legitimate posthumous child such as Joseph Matthew Heyse. However, for the application of the conclusive presumption of La.R.S. 23:1251, that the child is actually and wholly dependent upon the deceased worker, the child must have been living with the deceased worker at the time of his death. If not entitled to the conclusive presumption of dependency under La.R.S. 23:1251, then the question of actual dependency, in whole or in part, shall be determined in accordance with the facts 16as they may be at the time of the accident and death. La.R.S. 23:1252; Hurks v. L.H. Bossier, 367 So.2d 309 (La.1979); Hunt Plywood, Inc. v. Estate of Davis, 26,-161 (La.App.2d Cir. 10/26/94), 645 So.2d 248, writs denied 94-2871, 94-2877 (La.1/27/95), 649 So.2d 388. In this case, Mona Heyse and her unborn child were not living with the decedent at the time of his death. Therefore, the child is not entitled to the conclusive presumption of dependency under La. R.S. 23:1251 and is required to make a showing of actual dependency, in whole or in part.
The application of the workers’ compensation statutes to posthumous children has been construed in the jurisprudence. In Affiliated Foods, Inc. v. Blanchard, 266 So.2d 539 (La.App. 3d Cir.1972), the court determined that since the pregnant wife was not living with the decedent, the posthumous child would be entitled to benefits only if it were proved that the mother who was carrying him was actually dependent upon the decedent at the time of the decedent’s accident and death. Because the mother was not dependent upon the decedent, the legitimate *116 posthumous child was not entitled to workers’ compensation benefits.
However, in Fontenot v. Annelida Acres, Inc., 302 So.2d 690 (La.App. 3d Cir.1974), the pregnant wife who was separated from her husband obtained a judgment for nonsupport for herself against the husband in February 1970 for $25 per week. The husband made two payments on the judgment and then was killed in April 1970, in a work related accident. The court found that the wife had done everything she could under the law to enforce her right of support. Therefore, the court held that the wife and her posthumous legitimate child were partially dependent upon the decedent for support at the time of his death and were entitled to recover partial benefits. But see Griffitts v. Tiger Well Service, Inc., 226 So.2d 175 (La.App. 3d Cir. 1969), writ denied 254 La. 852, 227 So.2d 594 (1969) and Broussard v. West-Cal Construction Co., 96-18 (La.App. 3d Cir. 6/12/96), 676 So.2d 743, whieh found a child is not entitled to workers’ compensation benefits if the child is not receiving support, even if there is an award of support in effect at the time of the decedent’s death.
This court has recently addressed the factors used to determine actual dependency. In Hunt Plywood, Inc. v. Estate of Davis, 26,161 (La.App.2d Cir. 10/26/94), supra, 645 So.2d 248, the deceased left two illegitimate children, both one year old, at the time of his death. This court found partial dependency based on visitation, purchases of diapers, medicine, and other requested items as well as monetary gifts. The contributions were valued at $150 to $200 a month.
On rehearing, this court in Silk v. Silk, 29,107 (La.App.2d Cir. 4/2/97), 691 So.2d 97, found that the surviving spouse and minor child were dependent even though the deceased did not live with them and had made no contributions in the three months prior to his death. To support the determination of dependency, this court focused on the objective finding that the parties anticipated reconciling. This, coupled with the fact that the mother . and child had no income and lived solely off food in the freezer and pantry that the deceased had left some three months previously, were sufficient to prove dependency. In Silk, supra, the majority noted the contribution required by statute is not qualified or limited to a monetary contribution, nor was there a requirement that the contribution be made concurrently or closely to the contributing spouse’s death.
We reject the reasoning found in Affiliated Foods, Inc., supra, that states the deceased’s support of the mother is the sole determinative factor to base actual support of a posthumous child. That reasoning places a posthumous child with a more onerous burden than that of a living child, who may be able to show support independent of the mother or in combination with the contributions given the | smother. Likewise, the actual dependence of a posthumous child should be determined by a preponderance of all relevant evidence.
The only factors indicating any contribution in the case sub judice is the decedent’s giving Mrs. Heyse cash occasionally, ranging from twenty dollars to one-hundred dollars. Additionally, Mr. Heyse had also paid for the pregnancy test, but he had made no contributions five months prior to his death. (The child was born two months after his death.) Further, there is no objective finding that the parties were likely to reconcile as Mrs. Heyse was going forth with divorce proceedings.
An income assignment was in effect for the first child but it had not' been paid in the eight months prior to Mr. Heyse’s death. At that time, even though the decedent still owed an arrearage, his child support obligation was no longer accruing because Tiffany Heyse has reached the age of 18. While this income assignment does show the mother’s propensity to legally enforce her children’s right to support, it alone does not prove that the mother or the posthumous child was dependent upon Mr. Heyse.
For Joseph Matthew Heyse to be entitled to worker’s compensation benefits, Mona Heyse must prove by a preponderance of the evidence that she or her unborn child was dependent, either partially or wholly, on Troy Heyse at the time of his death. Mrs. Heyse admitted that she was not dependent upon Mr. Heyse. Unfortunately, Mrs. Heyse *117 was unable to present sufficient proof that the unborn child was dependent. The meager financial contributions of Mr. Heyse and the unpaid income assignment for'his other child do not support a finding of dependency. While we are sympathetic to the situation of Joseph Matthew Heyse, the law, as it is presently written, mandates a finding that he is not entitled to workers’ compensation benefits arising from his father’s death.
19EmpIoyer’s Liability on Child Support Arrearage
As stated above, the decedent was $5,193.00 in arrears on his child support obligation at the time of his death. An income assignment order required decedent’s employer to withhold and forward a portion of the decedent’s disposable wages, not to exceed 50 percent, to Support Enforcement Services of Alexandria, Louisiana. According to Mrs. Heyse’s deposition, the decedent had only been employed at Baxley Logging for six to eight weeks and the garnishment procedures for the decedent’s wages at the company were not yet complete at the time of his death. Although not specifically pled in the claim for workers’ compensation benefits, the plaintiffs sought to raise their claim before the workers’ compensation hearing officer that the defendant, Baxley Logging, Inc., should be held liable for the payment of the decedent’s arrearage. The plaintiffs cite no authority in support of this argument. The hearing officer correctly found that the child support award and income assignment order are matters over which the Office of Workers’ Compensation has no jurisdiction. We agree.
With limited exceptions, the Office of Workers’ Compensation has original, exclusive jurisdiction over all claims and disputes arising under the Workers’ Compensation Act. La. Const. Art. 5 § 16; La.R.S. 23:1310.3. The enforcement of a child support award and an income assignment order, entered by a judge of the district court, is not a claim or dispute arising under the Workers’ Compensation Act. Therefore, the hearing officer was correct in finding a lack of jurisdiction to decide the issue.
Lump Sum Benefit
The plaintiffs next cite La.R.S. 23:1231(B)(2) which provides that “if the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of $20,000 shall be paid to each surviving parent of Lpthe deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.” The plaintiffs contend that, because Joseph Matthew Heyse is entitled to Federal Social Security benefits due to the death of his father, the child is a “legal dependent entitled to benefits under a federal compensation system” and therefore, the $20,000 lump sum benefit should be paid to the child. The plaintiffs cite no authority in support of this contention. This argument is without merit.
A paragraph was added to La.R.S. 23:1231 by Acts 1980, No. 509 § 1, providing for a lump sum payment to the parents of the deceased worker, if there are no legal dependents. Legal dependents, in a Louisiana worker’s compensation death benefits setting, has been defined by the Louisiana Supreme Court as “dependents who are legally entitled to compensation under the statute.” Thompson v. Vestal Lumber and Mfg. Co., 208 La. 83, 22 So.2d 842 (1944); Kindle v. Cudd Pressure Control, Inc., 792 F.2d 507 (5th Cir.1986).
In Acts 1988, No. 938, effective January 1, 1989, the words “no legal dependents entitled to benefits under any state or federal compensation system” were substituted for “no legal dependents.” The stated purpose in enacting the provision was to provide “death benefits for parents when their child leaves no dependents.” The plaintiffs have cited no authority in support of their argument that the phrase “legal dependent under any state or federal compensation system” includes a child drawing Federal Social Security benefits. While we make no holding as of the meaning of “federal compensation system,” this phrase most likely refers to federal systems of compensation to injured workers such as the Federal Employers’ Liability Act of 45 U.S.C. § 51 et seq., the Longshoremen’s and Harbor Workers’ Compensation Act of 33 U.S.C. § 901 et seq., and the Jones *118 Act of 46 U.S.C. § 688 et seq. Nevertheless, we fail to see how any reasonable | uconstruction of the statute could lead to the conclusion that a posthumous non-dependent child drawing Federal Social Security benefits would be entitled to the lump sum death benefit for parents set forth in La.R.S. 23:1231.
CONCLUSION
For the reasons stated above, we find that the workers’ compensation hearing officer correctly granted summary judgment in favor of the defendants, Earnest Baxley Logging and its insurer, Guarantee Mutual Life Company, dismissing the claims of the plaintiffs, Mona and Joseph Matthew Heyse. Costs in this court are assessed to the plaintiffs, Mona and Joseph Matthew Heyse.
’ AFFIRMED.
BROWN, J., dissents with reasons.

. When the claim was filed with the Office of Workers’ Compensation, the decedent, Troy Heyse was listed as the plaintiff. However, the plaintiffs and appellants in this case are Mona and Joseph Matthew Heyse, the wife and posthumous minor son of the decedent.

. Defendants deny that this posthumous child was the son of the decedent, but only for purposes of the summary judgment, defendants admit that the child is the decedent's son.