705 So.2d 244 (1997)
Gary D. KEITH, et al., Plaintiff-Appellant,
v.
GELCO CORPORATION d/b/a Pride Petroleum, Inc., et al., Defendant-Appellee.
No. 30022-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1997.
*245 David C. Turansky, Shreveport, for Plaintiff-Appellant.
Julia A. Mann, Shreveport, for Defendant-Appellee.
Before WILLIAMS, CARAWAY and PEATROSS, JJ.
WILLIAMS, Judge.
The plaintiffs, Gary D. Keith, Lawana Keith, Christopher Cook and Dexter Cook, appeal from a summary judgment granted in favor of the defendant, Pride Petroleum. Inc., dismissing the plaintiffs' personal injury claims. For the following reasons, we affirm.

FACTS
On January 14, 1993, the plaintiffs, Gary Keith, Christopher Cook and Dexter Cook ("Plaintiffs") were returning home from a work site in a vehicle owned by their employer, Pride Petroleum, Inc. ("Pride"), and driven by their supervisor, Lawrence Otto Bodin, Jr. The plaintiffs were injured and Bodin was killed when the vehicle collided with an *246 eighteen wheeler semi-truck. At the time of the accident, Bodin was transporting plaintiffs from a work site to their homes at the end of a workday.
The plaintiffs filed this tort action to recover damages for injuries they sustained in the accident.[1] Named as defendants were Gelco Corporation, d/b/a Pride Petroleum, Inc., The National Union Fire Insurance Company of Pittsburgh, the Unopened Succession of Lawrence Otto Bodin, Jr. and XYZ Insurance Company, the liability insurer for Bodin. Subsequently, the plaintiffs amended their petition to name Pride, the correct employer, as a defendant. Gelco Corporation was voluntarily dismissed from the lawsuit.
The defendants filed a motion for summary judgment, claiming that the plaintiffs' injuries occurred during the course and scope of their employment with Pride. In essence, defendants asserted immunity from the suit for general tort damages and argued that plaintiffs' exclusive remedy against their employer was in worker's compensation.
The trial court granted the motion for summary judgment.[2] The trial court specifically found that: 1) at the time of the accident the plaintiffs were traveling from a job site to their homes; 2) at the time of the accident, the plaintiffs were riding in a vehicle owned and provided by their employer and driven by a co-employee; and 3) plaintiffs were actually paid for travel time for the period during which the accident occurred. Therefore, the trial court held that there were no genuine issues of material fact, the plaintiffs were in the course and scope of their employment at the time of the accident and plaintiffs' exclusive remedy was under the Worker's Compensation Act. The plaintiffs appeal.

DISCUSSION
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Tucker v. Northeast Louisiana Tree Service, 27,768 (La.App.2d Cir. 12/6/95), 665 So.2d 672. LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Collinsworth v. Foster, 28,671 (La. App.2d Cir. 9/25/96), 680 So.2d 1275. A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect the litigants' ultimate success or determine the outcome of a legal dispute. Miramon v. Woods, 25,850 (La.App.2d Cir. 6/22/94), 639 So.2d 353. The burden is on the mover to show clearly that there is no genuine issue of material fact in dispute and that the mover is entitled to judgment as a matter of law. Heyse v. Ernest Baxley Logging, Inc., 29,394 (La.App.2d Cir. 5/9/97), 1997 WL 257109, ___ So.2d ___.
Defendants filed their motion for summary judgment contending that the plaintiffs were in the course and scope of employment at the time of the accident. In support of their motion, defendants offered affidavits and depositions of Pride employees in addition to the plaintiffs' and Bodin's work records.
The employer is responsible for compensation benefits to an employee who is injured by an accident which occurs in the course of the employment and arises out of the employment. LSA-R.S. 23:1031. The terms "in the course of" and "arising out of" employment constitute a dual requirement. May v. Sisters of Charity of the Incarnate Word, 26,490 (La.App.2d Cir. 3/1/95), 651 So.2d 375. The requirements are not viewed as separate and unrelated concepts, rather, *247 there is a mutual interdependence of concepts in determining the relationship of the injury to the employment. Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992); Tucker v. Northeast Louisiana Tree Service, supra.
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours, either on the employer's premises or at other places where employment activities take the employee. Mundy v. Department of Health and Human Resources, supra; May v. Sisters of Charity of the Incarnate Word, supra. The principal criteria for determining course of employment are time, place and employment activity. Mundy v. Department of Health and Human Resources, supra; Tucker v. Northeast Louisiana Tree Service, supra.
The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Mundy v. Department of Health and Human Resources, supra; Tucker v. Northeast Louisiana Tree Service, supra. An accident has also been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred. Mundy v. Department of Health and Human Resources, supra. The principal objective of the "arising out of employment" requirement is to separate accidents attributable to employment risks, which form the basis of the employer's obligation under the compensation system, from accidents attributable to personal risks, for which the employer normally should not be responsible. Mundy v. Department of Health and Human Resources, supra.
Regarding the "course of employment" inquiry, the time, place and employment activity at the time of the accident must be considered. For employees who are paid for travel time to and from the work site, the daily employer/employee relationship does not terminate until employees have reached their destination after the end of a workday. Until they reach their destination, the employees are considered to be actively engaged in the employer's business. Mundy v. Department of Health and Human Resources, supra; Michaleski v. Western Preferred Casualty Co., 472 So.2d 18 (La.1985); Tarver v. Energy Drilling Co., 26,233 (La.App.2d Cir. 10/26/94), 645 So.2d 796.
As a general rule, an accident which occurs while an employee is traveling to and from work is not considered as having occurred during the course and scope of employment. Mundy v. Department of Health and Human Resources, supra; Michaleski v. Western Preferred Casualty Co., supra; LeCroy v. Brand Scaffold Bldg., Inc., 95-1522 (La.App.1st Cir. 2/23/96), 672 So.2d 181; May v. Sisters of Charity of the Incarnate Word, supra; Tucker v. Northeast Louisiana Tree Service, supra; McBride v. R.F. Kazimour Transportation, Inc., 583 So.2d 1146 (La.App. 4th Cir.1991). This rule is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves work until he returns to work. Tarver v. Energy Drilling Co., supra. However, there are instances where exceptions to this rule have been recognized. One exception to the rule occurs when the employer has furnished transportation as an incident to the employment agreement, either through a vehicle or payment of expenses, or where wages are paid for the time spent in traveling. Michaleski v. Western Preferred Casualty Co., supra; Tucker v. Northeast Louisiana Tree Service, supra; Hill v. West American Ins. Co., 93-915 (La. App.3rd Cir. 3/2/94), 635 So.2d 1165.
In support of their motion for summary judgment, defendants filed the affidavits and depositions of Warren Philips, Jr., claims representative for Pride, and Richard Lee Cooley, Pride's district manager. Defendants also filed the daily work record for the date of the accident and the time records for the plaintiffs and Bodin, their supervisor.
*248 According to Phillips, on the date of the accident, the plaintiffs and their supervisor were assigned to work at a job site for OXY USA. Travel time for the workers was included in the price of the bid for the job. Phillips stated that the plaintiffs were being paid travel time on the date of the accident. Phillips also stated that an indication of travel time is represented on the daily work record by labor code "40." The work records reflect that on January 14, 1993, the date of the accident, each plaintiff was assigned the labor code "40". The daily work record for the date of the accident also reflects that each plaintiff was credited two hours for travel. Cooley also stated that Pride paid the plaintiffs for travel time on the date of the accident.
In opposition to the motion for summary judgment, plaintiffs submitted the affidavit of Buddy Humphries, a former employee of Pride. Humphries worked as an operator from 1990 until 1992. He stated that Pride would pay the driver of the company vehicle for travel time, but the crew was paid only when the customer agreed to pay travel time. Humphries also stated that Pride paid travel time for travel from the yard to the work site, but Pride did not pay travel time from the employee's home to the yard.
Plaintiffs also submitted the affidavits of Gary Keith and Christopher Cook. They both stated that Pride's customers paid travel time only when the contract provided for it. They also stated that Bodin informed them that their crew would not be paid travel time for the job that they were working on January 14, 1993. According to their affidavits, at the time of their interview for employment with Pride, they were informed that they would be provided transportation from the yard to the work site and that they would be responsible for transportation from home to the yard.
Plaintiffs also submitted the invoice for the job on January 14, 1993, the date of the accident. The invoice to the customer reflected that crew travel was charged for January 19, 20 and 21, 1993. However, no crew travel was charged to the customer for the date of the accident. Further, plaintiffs submitted Keith's pay stub for the period including the date of the accident. There was no payment for travel reflected on the pay stub.
We agree with the plaintiffs that their opposing documents prove that there is a genuine issue of fact as to whether the plaintiffs were paid for travel time on the date of the accident. However, this conclusion in reference to travel pay does not end our inquiry as to whether summary judgment was appropriate under the facts and circumstances of this case.
Here, it is undisputed that at the time of the accident, plaintiffs were traveling in a company vehicle which was being driven by their supervisor, a co-employee. Although employees were not required to travel to and from work and their homes in company vehicles, it is clear from the affidavits and depositions submitted by both sides that it was customary for the crew to ride in the company vehicle with their operator/supervisor to and from the work site. Pride paid for the gas and the maintenance of the company vehicle. Pride's custom of providing transportation is contrary to the plaintiffs' assertion that the ride which plaintiffs accepted from Bodin on the day of the accident was gratuitous. This method of transportation of the crew occurred on a regular basis. At the time of the accident, plaintiffs were passengers in the company vehicle that was driven by a co-employee as an incident to the employment agreement.[3] Therefore, the plaintiffs' accident occurred during the course and scope of their employment with Pride.
The submitted documentation is sufficient to prove the ultimate issue of whether plaintiffs were within the course and scope of their employment at the time of the accident. The issue of whether plaintiffs received payment for travel is not material under the facts of this case and does not preclude a grant of summary judgment.

*249 CONCLUSION
After a thorough review of the record, we conclude that the trial court properly granted summary judgment in favor of the defendants. Accordingly, the summary judgment granted in favor of Pride Petroleum, Inc., is affirmed. Costs of this appeal are assessed to the appellants, Gary D. Keith, Lawana Keith, Christopher Cook and Dexter Cook.
AFFIRMED.
NOTES
[1] The original petition for damages named Gary D. Keith, Lawana Keith, the spouse of Gary D. Keith, and Christopher Cook as plaintiffs. Dexter Cook was named as a party-plaintiff in an amended petition filed on March 25, 1995.
[2] The judgment was rendered in favor of Pride Petroleum, Inc. However, the motion for summary judgment was actually filed on behalf of all of the named defendants.
[3] In his deposition, Keith testified that Bodin drove to their homes and picked up his crew for work because he did not want them to be late and he wanted to determine as early as possible whether he would have a full crew for the day. Keith also testified that if Bodin did not come to work, Keith would drive the truck and pick up the other crew members from their homes.