I WOODARD, Judge.
In this consolidated workers’ compensation litigation, Mr. Robert Gomez and Mr. Stanley Sepulvado filed suit against Sun-downer Offshore Services, Inc. (Sundown-er) for the injuries they sustained in a vehicular accident between their place of work and their home. Finding no genuine issues of material fact showing that Mr. Gomez and Sepulvado were in the course and scope of their employment at the time of the accident, the workers’ compensation judge granted Sundowners’ motion for summary judgment. Mr. Gomez and Mr. Sepulvado appeal. We affirm.
FACTS
Sundowner Offshore Services, Inc. (Sun-downer) employed Mr. Gomez as a roustabout and Mr. Sepulvado as a floor hand on an offshore drilling rig. On the morning of May 5, 1998, at the conclusion of a seven day shift, Mr. Sepulvado and Mr. Gomez, along with their superior, Mr. Michael Craig, a tool pusher, and Mr. Carl Whitlow, a derrick hand, were transported by helicopter from a rig to the shore of |2Venice, Louisiana. The four men lived in Zwolle, Louisiana and car-pooled in Mr. Craig’s automobile. While between Venice and Morgan city, they stopped for some time at a bar called the Halfway Lounge. There, Mr. Craig, Mr. Gomez, and Mr. Whitlow consumed substantial amounts of alcohol. Later that morning, Mr. Gomez and Mr. Sepulvado sustained injuries when Mr. Craig’s automobile frontally collided with a vehicle and was rear-ended by another on Terry Parkway, in New Orleans, Louisiana.
On January 9, 1998, Mr. Gomez and Mr. Sepulvado filed separate suits against Sun-downer, seeking to be awarded workers’ compensation benefits, and recover medical expenses, penalties, and attorney’s fees. Both claims were consolidated in an order dated April 21, 1998. Sundowner filed a motion for summary judgment on November 5, 1998. A hearing on the motion was scheduled for November 19, 1998, but the parties waived their appearances. On December 18, 1998, Mr. Sepulvado and Mr. Gomez filed an affidavit in opposition to Sundowner’s motion for summary judgment. On January 8, 1999, the workers’ compensation judge granted Sundowner’s motion to exclude the December 18 affidavit. Also, finding that no genuine issue of material fact remained concerning whether the plaintiffs were involved in an accident while in the course and scope of their employment, the workers’ compensation judge granted Sundowner’s motion for summary judgment. Mr. Gomez and Mr. Sepulvado appeal.
ASSIGNMENTS OF ERROR
The worker’s compensation judge manifestly erred in:
1. Excluding the plaintiffs’ affidavit supplementing his opposition to the defendant’s motion for summary judgment.
2. Granting the defendant’s motion for summary judgment
LAW
Course and Scope of Employment
In this assignment of error, Mr. Gomez and Mr. Sepulvado contend that the trial court improperly granted Sundowner’s motion for summary judgment when a genuine |3issue of material fact remained regarding whether they were injured within the course and scope of their employment. Specifically, they argue that they remained under Mr. Craig’s supervision, direction, and control from the time they left the drilling rig until they arrived home. They allege that their December 18 affidavit *106 alleged a genuine issue of material fact that Mr. Craig was still on a mission for his employer at the time of the accident. Consequently, relying on Keith v. Gelco Corp., 30,022 (La.App. 2 Cir. 12/10/97); 705 So.2d 244, they conclude that this fact alone creates a genuine issue of material fact of whether they were injured while in the course and scope of their employment. Finding no merit in this argument, we affirm.
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate. Schroeder v. Board of Sup’rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party’s supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323. Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover. Id.
La.Code Civ.P. art. 966 places upon the nonmover the burden to rebut the showing made by the mover of the non-existence of a genuine issue of material fact. Townley, 702 So.2d 323. The nonmover must sufficiently establish the existence of an essential element of his claim on which he is to bear the burden of proving at trial. Id. The threshold question in reviewing a trial court’s grant of summary judgment is whether a genuine issue of material fact remains. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882. After which, we must determine whether reasonable minds could conclude, based on the |4facts presented, that the mover is entitled to judgment. Id. Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. Id.
Facts are material if they determine the outcome of the legal dispute. Soileau, 702 So.2d 818. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. Id.
In the case sub judice, the issue is whether genuine issues of a material fact remains whether Mr. Gomez and Mr. Sep-ulvado were injured while in the course and scope of their employment with Sun-downer.
The general rule is that an employee in transit to and from his job site is not acting within the course and scope of his employment, and thus, is not entitled to the protection of Louisiana workers’ compensation laws. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975); Castille v. Sibille, 342 So.2d 279 (La.App. 3 Cir.1977). Nevertheless, there are well established exceptions to this general rule, one of which, relevant to the case sub judice, was explained in Chapman on Behalf of Arvie v. Liberty Mut. Ins., 96-458 (La.App. 3 Cir. 11/6/96); 682 So.2d 906, as follows:
[O]ne exception to this rule occurs when an employer interests himself in the transportation of the employee either by contractually providing transportation or reimbursing the employee for travel expenses. The transportation must be an incident of the contract of hiring; the fact that the employer occa *107 sionally provides transportation to accommodate an employee is not enough to bring the situation within the exception to the general rule.
(Citations omitted) (emphasis added).
In the case sub judice, the relevant undisputed facts are, to-wit:
1. At the time of the accident, Mr. Sepulvado and Mr. Gomez were not acting on a mission for Sundowner.
2. Sundowner never offered to provide them with transportation to and from work as an accessory to their employment contract.
3. Sundowner did not reimburse either Mr. Sepulvado or Mr. Gomez for their travel expenses, and they were not aware that Sundowner reimbursed Mr. Craig for mileage on his automobile.
| .¡For the purpose of this assignment of error, we will consider the December 18 affidavit. The additional fact that it seeks to establish is that at the time of the accident, Mr. Craig was still on a mission for Sundowner because he had to drop off some payroll records at the Sundowner’s office in Morgan City, Louisiana. Assuming that this statement is accurate, we still do not find that it creates a genuine issue of material fact regarding the issue of whether Mr. Gomez and Mr. Sepulvado were injured while in the course and scope of their employment. Mr. Gomez’ and Mr. Sepulvado’s depositions clearly establish that Sundowner did not interest itself in their transportation, either by contract or by reimbursing their own travel expenses. In fact, Mr. Sepulvado stated in his affidavit that he paid Mr. Craig for transportation to and from work. Similarly, they do not argue that they were not on a mission for Sundowner at the time of the accident. Thus, the mere fact that their superior, Mr. Craig, may have been acting in the course and scope of his employment with Sundowner does not change the fact that they were not.
Additionally, we find nothing in the record to substantiate Mr. Gomez’ and Mr. Sepulvado’s claim that they were under Mr. Craig’s work related direction and control at the time of the accident. On the contrary the evidence in the record point to the opposite conclusion. First, their pleadings merely allege that, at the time of the accident, they were traveling as “guest passenger[s]” in a van “operated” by a toolpusher. Second, Neither Mr. Gomez’ nor Mr. Sepulvado’s depositions set forth any issue of material fact in support of their contention. Mr. Sepulvado admits that he was just “tagfging] along” with Mr. Whitlow and Mr. Craig because they were neighbors and he felt uncomfortable driving his personal vehicles. The day before the accident he told his wife that he would have to purchase a car the next week so that he could drive himself to work. He stated that he had decided to leave the car at the very traffic light at which the accident occurred. When asked if he was obligated to drive with Mr. Craig through the Greater New Orleans, he candidly stated: “No, I mean, ain’t nobody (sic) told me to go through there. We was just coming (sic) home like I said.”
Mr. Gomez characterized his rides with Mr. Craig as being a car pool arrangement, because Mr. Craig lived in his neighborhood. He admitted to rides with Mr. Craig in circumstances other than that from work to home or vice versa. Indeed, |fiat some time prior to the accident, Mr. Craig drove him to San Antonio to get a dart machine for his bar.
Furthermore, we find that Mr. Gomez’ and Mr. Sepulvado’s reliance on Keith, 705 So.2d 244, or Hoy v. Gilbert, 30,255 (La.App. 2 Cir. 5/13/98); 714 So.2d 74 is misplaced. In Keith, our brethren of the second circuit found that there was a genuine issue of fact as to whether the plaintiffs were paid for travel time on the date of their accident and that the employer concerned itself with the transportation of its employees as an incident to the employment agreement. These circumstances *108 are clearly distinguishable from those in the case sub judice. The record is barren of evidence showing that Mr. Gomez and Mr. Sepulvado were compensated in any form for their travel time. Additionally, we do not find any material fact which may allow us to find that Sundowner interested itself in Mr. Gomez’ and Mr. Sepulvado’s transportation from shore to their home and from their home to shore.
We also find the circumstances of this case to be distinguishable from those present in Jagneaux v. Marquette Cas. Co., 135 So.2d 794, 796 (La.App. 3 Cir.1961) (emphasis added) where the employee was transported home from work as a passenger in an employer’s vehicle “furnished for that purpose.” In the present ease, the vehicle was Mr. Craig’s, and there is no evidence that Sundowner reimbursed Mr. Craig for his mileage for the purpose of compensating him for transporting employees, such as Mr. Gomez and Mr. Sep-ulvado.
Finally, the facts sub judice are distinguishable from that of Brown v. Coastal Constr. & Eng’g, Inc., 96-2705 (La.App. 1 Cir. 11/7/97); 704 So.2d 8 where an employee was involved in a car accident on his way to his work site. First, he drove from his home to a motel room that he shared with a co-worker during the week he did not feel like driving back home. He went to the motel prior to going to the work site so that he could pick up his colleague, as well as some work equipment. He introduced evidence indicating that his employer paid for the cost of the motel room, and mileage on his car. The employer introduced rebuttal evidence. The trial court found the employee’s evidence more credible and held that he was in the course and scope of his employment at the time of the accident. In the ease sub judice, neither Mr. Gomez nor Mr. Sepulvado introduced evidence creating any issue of material fact such as that present in Brown.
|7After conducting a de novo review of the record, we find no error in the workers’ compensation judge’s summary judgment.
For the aforementioned reasons, our resolution of this assignment of error pre-termits our discussion on the first assignment of error alleged by Mr. Gomez and Mr. Sepulvado. The workers’ compensation judge’s summary judgment is affirmed at appellants’ cost.
CONCLUSION
Finding that plaintiffs have demonstrated no material issue of fact in dispute, we affirm the workers’ compensation judge’s summary judgment at appellant’s cost.
AFFIRMED.