772 So.2d 240 (2000)
Marion HAYWOOD
v.
Eve DUGAL and Allstate Insurance Company.
Elda Behler, Wife of/and Ronald Behler and Ethel Albarado
v.
Eve Dugal, Allstate Insurance Company and State Farm Mutual Automobile Insurance Company.
Nos. 00-CA-334, 00-CA-335.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2000.
Writs Denied February 2, 2001.
*241 James L. Donovan, Jr., Metairie, Counsel for Eve Dugal and Allstate Insurance Company, Defendants-Appellants.
Kenneth Randall Evans, H. James Parker, New Orleans, Counsel for State Farm Mutual Automobile Insurance Company, Defendant-Appellant.
G. Patrick Hand, Jr., Gretna, Joseph Depaoli, Gretna, Counsel for Marion Haywood, Plaintiff-Appellee.
*242 Panel composed of Judges CHARLES GRISBAUM, Jr., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CHEHARDY, Judge.
Defendants appeal the trial court's denial of their motion for summary judgment and its grant of partial summary judgment in favor of plaintiffs. We affirm and remand for further proceedings.
These two consolidated cases arise from a June 8, 1997 one-car automobile accident in which Marion Haywood, Elda Behler and Ethel Albarado were guest passengers in a vehicle operated by Eve Dugal. The women all were employees of School Food & Nutritional Services of New Orleans, Inc. ("School Food"), a company affiliated with the Archdiocese of New Orleans. They were assigned to the cafeteria of St. Stephen's School, where Dugal was the cafeteria supervisor. The women were headed to Monroe, Louisiana for a food services conference on an expense-paid trip awarded to St. Stephen's in a raffle by School Food. Plaintiffs were injured when Dugal's vehicle hydroplaned and went off the road.
Haywood filed suit against Dugal and her insurer, Allstate Insurance Company.[1] Behler and Albarado filed a separate suit against Dugal, Allstate, and Behler's and Albarado's uninsured/underinsured motorists' insurance carrier, State Farm Mutual Automobile Insurance Company.[2] The cases were consolidated. School Food filed an intervention to recover monies paid to the three plaintiffs under workers' compensation.
Defendants and plaintiffs filed cross-motions for summary judgment. Defendants raised the defense that plaintiffs' exclusive remedy is in workers' compensation. Plaintiffs sought a ruling that the accident was not work-related and that their claims arise in tort.
The trial court denied defendants' motions for summary judgment but granted plaintiffs' motion for summary judgment. The court ruled that plaintiffs were not in the course and scope of their employment at the time of the accident and that the accident did not arise out of their employment. The court based that finding on the uncontested facts that plaintiffs won the opportunity to attend the conference by virtue of a raffle or random drawing, they were not required to attend the conference, and they were not to be paid wages while attending the conference.
Dugal, Allstate and State Farm appeal. They contend the trial court erred in finding that plaintiffs and Dugal were not in the course and scope of their employment at the time of this accident, thus allowing plaintiffs to assert claims against the defendants in tort.
An employee who receives personal injury "by accident arising out of and in the course of his employment" is entitled to workers' compensation benefits. La. R.S. 23:1031(A). The rights and remedies granted under the Workers' Compensation Act are exclusive of all other rights, remedies and claims for damages, except for liability resulting from an intentional act. La. R.S. 23:1032(A)-(B).
The exclusive remedy defense is available not only to the employer, but to co-employees and insurers as well. Hill v. West American Ins. Co., 93-915 (La.App. 3 Cir. 3/2/94), 635 So.2d 1165, 1169, writ denied 94-1630 (La.9/30/94), 642 So.2d 881. Thus, determination of whether plaintiffs are limited to workers' compensation and are precluded from pursuing a tort claim against Dugal is based on whether they were in the course and scope of their employment at the time of the accident.
*243 The principal criteria for determining course of employment are time, place and employment activity. Mundy v. Department of Health and Human Resources, 593 So.2d 346, 349 (La.1992).
The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment.... Moreover, an accident has also been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident.
Id. An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at other places where employment activities take the employee. Id.
In ascertaining the relationship of the injury to the employment, the "course of employment" and "arising out of employment" requirements are mutually interdependent concepts. Mundy, supra.
In determining, therefore, whether an accident `arose out of the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?
Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21 (1932). It is irrelevant whether the employee might have been injured in the same way, place and time had he gone there only for his own pleasure or in pursuit of his own business: If he was called to the place and time of the accident due to his employer's business, then his injuries arose out of his pursuit of his employer's business and not out of his pursuit of his own business or pleasure. Id.
The terms "arising out of" and "in the course of" constitute a dual requirement. The former suggests an inquiry into the character or origin of the risk while the latter brings into focus the time and place relationship between the risk and the employment. The two requirements cannot, however, be considered in isolation from each other.
Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152, 1154.
"A strong showing by the claimant with reference to the Arise-out-of requirement may compensate for a relatively weak showing on the During-course-of requirement, or vice versa. As a corollary it follows that whenever the showing with respect to both requirements is relatively weak a denial of compensation is indicated." Lisonbee v. Chicago Mill & Lumber Co., 278 So.2d 5, 7 (La.1973).
The uncontested facts are that the plaintiffs and Dugal were on their way to Monroe, Louisiana for a three-day conference of the Louisiana School Food Services Association (LSFSA). LSFSA holds annual conferences in different cities in Louisiana at which school food technicians are introduced to new types of equipment and new food service techniques, among other things.
Plaintiffs' employer, School Food & Nutritional Services of New Orleans, annually sponsors a lottery under which employees of a school can win expense-paid attendance at the conference if one hundred percent of the cafeteria employees at the school are members of LSFSA. In 1997 St. Stephen's was the winning school and St. Stephen's cafeteria staff was awarded the right to attend the conference.
Attendance at the LSFSA conference was not mandatory, but was encouraged by School Food. Some of the cafeteria employees at St. Stephen's declined the *244 opportunity to attend the conference. School Food paid for transportation expenses, conference registration fees, and hotel accommodations. Some meals were included within the conference registration fee; any other meals were at the employee's expense. Employees were not paid any wages or salary for attendance at the conference.
The plaintiffs and Dugal agreed to travel in Dugal's vehicle, a Lincoln Town Car, because it was a large automobile that could accommodate them all. School Food compensated Dugal for use of her vehicle.
The accident occurred on Interstate Highway 59 near McComb, Mississippi. Plaintiffs were treated at a nearby hospital following the accident. Pat Farris, director of food services for School Food, came to the hospital to assist in facilitating plaintiffs' care.
Farris and Cecily Boudreaux, the School Food personnel administrator, determined that the matter should be handled as a workers' compensation claim. Plaintiffs were paid five days' full pay, which Boudreaux said is a routine procedure not required by law that is employed by School Food on worker's compensation claims. Subsequently plaintiffs were paid weekly compensation benefits and their medical expenses were covered.
Applying the law to these facts, we conclude the trial court did not err in determining that plaintiffs were not in the course and scope of their employment. The accident did not take place on the workplace premises or during working hours. It occurred on a highway in Mississippi during the summer hiatus, when the school was closed and the cafeteria employees were not working. Plaintiffs' attendance at the conference was discretionary, attendance was not a condition for maintaining their job status, and they were not to be paid for attendance. Plaintiffs' employment did not place them at a higher risk of highway travel accidents than other travelers on that day.
We distinguish the case of Bolton v. Tulane University of Louisiana, 96-1246 (La.App. 4 Cir. 1/29/97), 692 So.2d 1113, 1116, writ denied, 97-1229 (La.9/26/97), 701 So.2d 982, on which appellants rely. In that case, the plaintiff's travel during which she was injured was in pursuit was one of her most important job duties, recruitment of new players for a university athletic team. Here, in contrast, plaintiffs were pursuing education which could help them in their work, but which was not a necessary part of it. Their attendance was encouraged but was strictly optional. The risk which caused the accident did not arise out of plaintiffs' employment because attendance at the conference and activities during it were not part of their duties, nor were they on a mission for their employer's interests.
For the foregoing reasons, we affirm the judgments on appeal. The matter is remanded for further proceedings. Costs of this appeal are assessed equally among the appellants.
AFFIRMED AND REMANDED.
NOTES
[1] Haywood v. Dugal, No. 00-CA-334 (Twenty-Fourth Judicial District Court number 517-938).
[2] Behler v. Dugal, No. 00-CA-335 (Twenty-Fourth Judicial District Court number 525-252).