| GARRISON, J. (Pro Tempore).
The plaintiff, Charles Rushing, appeals a judgment in favor of the defendants, St. Paul Fire & Marine Insurance Company (“St.Paul”) and Giovanni Reid. The district court granted defendants’ motion for summary judgment on the grounds that plaintiffs exclusive remedy was a claim for workers’ compensation because he was injured in an accident while in the course of his employment. For the following reasons, we affirm.
FACTS
On November 7, 2001, Charles Rushing was a passenger in a 1997 GMC vehicle owned by the Order of Franciscan Friars and operated by Brother Giovanni Reid, a member of that religious order. Rushing was accompanying Reid to a meeting at the local office of the cable television provider. Reid was proceeding west on Hollywood Avenue in Shreveport, Caddo Parish, when he failed to stop for a red light at an intersection and collided with another vehicle. As a result of the collision, Rushing was physically injured and received medical treatment. At the time of the accident, Reid was Executive Director of the Christian Services Program Institute (“Christian Services”). Rushing was employed by Christian Services as the director of its homeless shelters.
Subsequently, the plaintiff, Rushing, filed a petition for damages against the defendants, Christian Services, Reid and *277 St. Paul, the automobile liability insurer of the Franciscans. Reid and St. Paul filed a motion for summary judgment alleging that plaintiffs exclusive remedy was a claim for workers’ compensation benefits because he was injured in the course of his employment.
| ¡¡After a hearing, the district court granted defendants’ motion for summary judgment, dismissing the plaintiffs claims with prejudice. Plaintiff appeals the judgment.
DISCUSSION
In three assignments of error, the plaintiff contends the district court erred in granting the motion for summary judgment. Plaintiff argues that he should not be limited to a claim for workers’ compensation because he was not injured in an accident arising from and in the course of his employment.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. However, if the mover will not bear the burden of proof at trial on the matter, the mover is not required to negate all essential elements of the adverse party’s action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or action. The non-moving party must then produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,-555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
LSA-R.S. 23:1031 provides for workers’ compensation benefits to an |semployee who receives personal injury by accident “arising out of and in the course of his employment.” Except for intentional acts, workers’ compensation benefits granted to a worker due to injury shall be exclusive of all other rights, remedies and claims for damages. This exclusive remedy excludes any claims that may arise against his employer or any principal, officer or director of such employer. LSA-R.S. 23:1032. The terms “arising out of’ and “in the course of’ constitute a dual requirement. The former suggests inquiry into the character or origin of the risk, while the latter concerns the time and place relationship of the risk and the employment. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152.
To determine that an accident arises out of employment, a court must consider (1) whether the employee was engaged in his employer’s business and not merely pursuing his own.interest, and (2) whether the employer’s business reasonably required the employee’s presence at the accident location when the accident occurred. Haywood v. Dugal, 00-334 (La.App. 5th Cir.10/31/00), 772 So.2d 240. If the employee was called to the place and time of the accident due to his employer’s business, then his injuries arose from his pursuit of the employer’s interests and not from pursuing his own business or pleasure. Haywood v. Dugal, supra.
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours, either on the employer’s premises or at other places where employment ac *278 tivities take the employee. Keith v. Gelco Corp., 30,022 (La.App.2d Cir.12/10/97), 705 So.2d 244; May v. Sisters of Charity of the Incarnate Word, 26,490 (La.App.2d Cir.3/1/95), 651 So.2d 375. The principal criteria for determining course of employment are time, place and employment activity. Tucker v. Northeast La. Tree Service, 27,768 (La.App.2d Cir.12/6/95), 665 So.2d 672.
In support of their motion for summary judgment, defendants filed excerpts from the deposition of Reid, who testified that he was the Executive Director of Christian Services. Reid stated that on the day of the accident, he was driving to the local cable television office to attend a meeting to discuss the broadcast of the annual fund raising telethon for Christian Services. Reid testified that plaintiff and his staff at the homeless shelter needed to be interviewed for the telethon by cable station personnel and that scheduling times for those interviews was part of plaintiffs job. Reid stated that plaintiff could have done this task over the telephone and he was not obligated to go to the cable office, but that plaintiff wanted to go.
Plaintiff submitted his deposition for inclusion in the record of this case. Plaintiff testified that he had been employed by Christian Services as director of homeless shelters and that he was responsible for screening shelter applicants and operation of the facilities. Plaintiff stated that he typically worked from 8 a.m. to 4 p.m. and that part of his job description involved tape-recording a television program. Plaintiff testified that he had asked to ride with Reid when he went to the cable office to discuss the telethon fund raiser. Plaintiff stated that on the day of the accident, he had been working in his office when Reid asked if he was going to the station. The plaintiff testified that although his job duties did not require him to 1 ^accompany Reid to the meeting, he wanted to go to satisfy his “intellectual curiosity” and because he was interested in the various functions of his employer. Plaintiff stated that he received a salary and was paid for his time while riding with Reid and attending the meeting at the cable station. The plaintiff testified that after the accident, they continued to the cable office and he sat with Reid in the meeting.
In support of his position, plaintiff cites the cases Tucker and Hebert v. Jeffrey, 94-1230 (La.App. 1st Cir.4/7/95), 653 So.2d 842. However, unlike the present situation, the accidents in those cases did not occur during work hours and the employees were not paid for their travel time.
In this case, the evidence presented demonstrates that the accident occurred during plaintiffs working hours and at a time for which plaintiff was paid a salary. Although the accident did not occur on the employer’s premises, the plaintiff was injured while he and Reid were en route to a meeting scheduled to discuss plans for broadcasting the employer’s primary fund raising event.
The record shows that the purpose of Reid’s trip was related to the employer’s interest in preparing for the fund raising telethon. The meeting at the cable station was scheduled for the benefit of the employer and this meeting was the only reason for plaintiffs presence in the van at the time of the accident. Thus, the needs of the employer’s business formed the basis for plaintiff to be at the place of the accident when the injury occurred. In addition, the plaintiff was injured while performing the employment activity of being available to his supervisor during working hours. Consequently, |fithe evidence submitted established that the plaintiff was injured in an accident arising out of and in the course of his employment. *279 Immunity
The plaintiff contends that Reid and St. Paul are not immune from a tort suit. Plaintiff argues that because Reid took a vow of poverty and was not paid a salary by Christian Services, he should be considered a volunteer and not an employee for the purposes of workers’ compensation. Under LSA-R.S. 23:1032(0(1), the immunity provided by the statute shall extend to any officer, director or employee of the employer who is engaged in the normal course and scope of his employment at the time of injury.
In his deposition, Reid testified that as a member of the Franciscan order, he had taken a vow of poverty and did not receive a salary from Christian Services. Reid explained that instead, Christian Services paid a stipend of $1,000 per month to the Franciscans for his services. The deposition testimony demonstrates that Reid was not a volunteer, since Christian Services paid compensation on his behalf to the Franciscan order. In addition, the record shows that Reid was executive director of the employer and was performing an activity within the course and scope of his employment at the time of plaintiffs injury. Thus, the plaintiffs argument lacks merit.
Plaintiff also contends the district court erred in finding the lack of a genuine issue of material fact. Plaintiff argues that the affidavits of Tracy Bureham and of himself raise a disputed issue of fact regarding plaintiffs duties at the cable station that precludes summary judgment.
17A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially affect the litigant’s ultimate success or determine the outcome of a legal dispute. Keith v. Gelco, supra.
The affidavits referenced by plaintiff state that after the accident, Reid made statements denying that plaintiff was performing job duties at the time. However, plaintiff acknowledged in his deposition that he had filed a claim with the Office of Workers’ Compensation and was receiving workers’ compensation payments for medical expenses resulting from his injury sustained in the accident. In addition, any factual dispute concerning the duties plaintiff would or would not perform once at the cable station is not material in light of the evidence that plaintiff accompanied Reid on the day of the accident because of a meeting related to the employer’s interests. Plaintiffs argument lacks merit.
Based upon this record, the district court reasonably determined that Reid and St. Paul established that plaintiff was injured in an accident arising out of and in the course of his employment, such that his exclusive remedy is workers’ compensation benefits. Therefore, we cannot say the district court erred in granting summary judgment in favor of Reid and St. Paul.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Charles Rushing.
AFFIRMED.