769 So.2d 777 (2000)
SYSTEMS CONTRACTORS CORPORATION
v.
WILLIAMS AND ASSOCIATES ARCHITECTS, John C. Williams, Schrenk & Peterson Consulting Engineers, Edmond Schrenk, IMC Consulting Engineers, and Aviation Program Managers of LouisianaA Joint Venture.
Nos. 99-CA-1221, 99-CA-1222.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2000.
*778 Paul J. Mirabile, Michele A. Engnath, New Orleans, LA, Attorneys for Appellant.
Victor E. Stilwell, Jr., W. Lee Kohler, New Orleans, LA, Attorneys for Appellees.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
*779 EDWARDS, Judge.
The City of New Orleans through the New Orleans Aviation Board (NOAB) appeals a judgment of the district court dismissing its third party demand against Williams and Associates Architects, and John Williams (Williams). NOAB sought indemnity from Williams under a contract for certain renovations at the New Orleans International Airport. We affirm.
On September 20, 1996, in case number 498-984 of the Twenty-Fourth Judicial District Court, Systems Contractors filed a damage suit against Williams; Schrenk & Peterson Consulting Engineers and Edmond Schrenk (Schrenk); IMC Consulting Engineers (IMC); and Aviation Program Managers of Louisiana (Aviation). The petition alleged generally that Systems entered into a contract with NOAB for a project designated as Renovations to the Parabola Room. Systems, the general contractor, alleged that NOAB hired Williams to design the project, Schrenk to design the structure, IMC to design the mechanical and electrical portions of the contract, and Aviation to provide construction management and administrative services to the project. It was alleged that specific errors and omissions by Williams, Schrenk, IMC and Aviation required numerous BFI's (Requests For Interpretation) and RFM's (Requests For Modifications) and resulted in delay and increased costs, overhead, and other damages to Systems.
Also on September 20, 1996, in suit number 502-985 filed in another division of the Twenty-Fourth Judicial District Court, Systems requested an injunction. That petition averred that NOAB, having declared that Systems had defaulted on its contract, sought to enforce its performance bond. Systems urged that the contract contained prohibited clauses which made it a nullity and the nullity of the contract extinguished the bond. Systems requested an injunction to enjoin NOAB from enforcing that contract. The two matters were later consolidated; the injunction was denied and that action ultimately dismissed.
After Systems filed the above suits, NOAB terminated its contract with Systems. Systems subsequently amended its petition for damages to include NOAB as a defendant, alleging that "because the Airport contracted with Systems on the Project and also retained the other defendants", NOAB was liable in solido for the acts and omissions of Williams et al. An action in contract for wrongful termination was also included. NOAB filed an Answer and Reconventional Demand against Systems, alleging failure to properly perform and default on the part of Systems and seeking damages under its contract.
Subsequently, Systems filed a Second Amended Petition alleging, among other things, that NOAB breached its contract with Systems by not completing plans and specifications timely, by not paying Systems for work properly performed, by not negotiating change orders in a fair and timely manner, and by terminating the contract without cause. Other cross-claims and third party demands (not pertinent to the present matter on appeal) were filed.
In May of 1998, Systems and Williams, Schrenk, and IMC filed a Joint Motion To Dismiss the claims between them, with Systems reserving its rights to proceed against other parties. The motion, based on a settlement between those parties, was granted.
In July, 1998, NOAB filed a Third Party Demand against Williams, averring that the Project Contract contained an indemnity clause pursuant to which Williams agreed to indemnify and hold NOAB harmless from any claims or liabilities asserted by any person for damage for "negligent operation of work of the Architect". Section 9.1 of the contract reads as follows:
The Architect agrees to indemnify, defend, and hold harmless the Board and the City of New Orleans from any and all claims, suits, liabilities, judgments *780 and fines or penalties, brought or asserted by any person, firm or organization for loss of life, injury or damage to persons or property resulting from or by reason of any negligent act, error, or omission of the Architect, or negligent operation of work of the Architect, its agents, servants or employees, while engaged upon or in connection with the services required or performed by the Architect under this contract. The Architect shall hold the Board and City harmless from any and all claims for liens for labor, services or material furnished to the Architect in connection with the performance of it [sic] obligations under this contract.
The third party demand denied any negligence on the part of Williams and averred that if such occurred, Williams owed no duty and caused no damages to Systems. NOAB further asserted that it had no legal responsibility to Systems and that if there was any negligence on Williams' part, then NOAB was entitled to indemnity and/or contribution under both the law and the instant contract.
Williams filed a Motion For Summary Judgment, stating that because of the settlement, all contribution rights of NOAB were cut off. It was suggested that NOAB was not entitled to tort indemnity as a matter of law, nor to contractual indemnity under the contract. NOAB opposed the motion with a memorandum and a copy of the entire contract. NOAB did not introduce any other evidence at the trial.
(NOAB filed an amended third party demand urging that Williams was negligent in failing to name NOAB as an additional insured under its professional liability policy. The trial court also dismissed this claim which is not before us on appeal.)
In granting the summary judgment at issue, the trial court found that the settlement between Systems and Williams et al effectively cut off NOAB's right to seek contribution. The court found that NOAB's equitable remedy was reduction of recovery under La. Civil Code art. 1803. NOAB could prove fault of the settling parties and have any judgment rendered against it reduced by the percentage of fault that would be assessed to the dismissed parties. The court found further that no evidence was presented to support the assertion of NOAB that it could be held vicariously liable to Systems for Williams' negligence, and that there was no factual support or legal relationship shown between NOAB and Williams.
Considering the issue of contribution under the law applicable at the time this action arose, it is a well settled rule that when an obligee settles and releases a solidary obligor, the remaining solidary obligors are deprived of their right to contribution against the solidary obligor who has been released.[1] As the trial court found, NOAB's remedy is reduction of recovery under La. Civil Code art. 1803. A plaintiff's settlement with one solidary obligor reduces his recovery against the remaining obligors by the percentage of the proportionate fault of the released obligor.[2]
Relative to tort indemnity, if NOAB is found to be at fault it cannot recover against Williams. One who is himself at fault is not due indemnity because liability for indemnity exists only when the party seeking indemnity is free from fault and has discharged a debt that should be paid wholly by the indemnitor.[3]
*781 Williams correctly asserts that NOAB is not entitled to contractual indemnity for its own fault or negligence. Louisiana law clearly forbids a public entity such as the Board from requiring a contractor to provide indemnity for the public entities' own negligence or strict liability.[4] However, where liability is based strictly on the fault or negligence of the architect, there is nothing to prevent the NOAB from insuring itself against such liability via liability insurance, contractual indemnity clauses in its construction and repair contracts, or otherwise.[5]
NOAB has argued that it may be held vicariously liable to Systems for Williams' negligence and/or for implicit warranty of the plans and specifications. A principal generally is not liable for the offenses committed by an independent contractor while performing its contractual duties.[6] Two exceptions to this general rule exist: (1) where the work is ultra hazardous; and (2) if the principal reserves the right to supervise or control the work of the independent contractor.[7] The first exception is inapplicable to the present case. Regarding the second exception, it has been held:
... liability for the negligent and tortious acts of another does not flow simply because of a principal-agent relationship. Only when the relationship of the parties includes the principal's right to control physical details of the actor as to the manner of his performance, which is characteristic of the relation of master and servant, does the person, in whose service the act is done, become subject to liability for the physical tortious conduct of the actor.[8]
In order to be (potentially) vicariously liable, it would be necessary for NOAB to show that it retained or exercised the right to supervise or control the physical details of the manner of Williams' performance. The contract at issue requires cooperation and approval between Williams and NOAB, and there is a chain of command in certain situations. We do not determine from that document that NOAB retained supervision or control over the details of Williams as to the manner of its performance. There was no showing at the trial of the motion that the relationship between the parties was not as contemplated by the contract, or that NOAB had assumed or exercised control outside of the parameters of that document.
Summary judgment is favored in the law under La.Code Civ. P. art. 966. According to C.C.P. Art. 966(C)(2):
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary *782 burden of proof at trial, there is no genuine issue of material fact.
The statute requires that on a motion for summary judgment, the nonmover must establish the existence of proof of an essential element of his claim for which he will bear the burden of proof at trial.[9] In the present case, NOAB failed to establish the existence of proof which would give rise to a claim for indemnity. As explained above, NOAB had a right to claim indemnity for Williams' tort if it had demonstrated liability for that independent contractor's negligence. Because it did not produce factual support for this essential element of its claim, the trial court correctly determined that no evidence was presented to support NOAB's assertion that it could be held vicariously liable for Williams' negligence. Summary judgment was appropriately granted.
For the foregoing reasons the judgment is affirmed.
AFFIRMED.
NOTES
[1] Valet v. City of Hammond, 577 So.2d 155, 160-161 (La.App. 1st Cir.1991),; see also Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir.1964). Recard v. Trinity Universal Insurance Co., 503 So.2d 519 (La.App. 3rd Cir.), writ granted, 506 So.2d 105 (La.1987), dismissed by joint motion 509 So.2d 1011 (La.1987); Garrett v. Safeco Insurance Company, 433 So.2d 209 (La.App. 2nd Cir.1983).
[2] Taylor v. U.S. Fidelity & Guar. Ins. Co., 630 So.2d 237, 239, (La.1993).
[3] Decourt v. Caracci, 97-393 (La.App. 5th Cir. 11/12/97), 704 So.2d 42.
[4] La. R.S. 38:2216(G)
[5] See Simmons v. Forby Contracting Inc., 97-1588, (La.App. 3rd Cir. 4/29/98), 712 So.2d 614, 618; writ denied 98-C-1427, (La.7/2/98), 724 So.2d 740.
[6] Ledent v. Guaranty Nat. Ins. Co. 31,346 (La. App. 2nd Cir. 12/28/98), 723 So.2d 531, 537. Also Morales v. Davis Brothers Construction Company, Inc., 94-0902 (La.App. 4th Cir.12/15/94), 647 So.2d 1302, writ denied, 95-0139 (La.3/17/95), 651 So.2d 271; Thomas v. Albertsons, Inc., 28,950 (La.App.2d Cir.12/11/96), 685 So.2d 1134, writ denied, 97-0391 (La.3/27/97), 692 So.2d 395.
[7] Ledent, supra; Morales, supra.
[8] Rowell v. Carter Mobile Homes, Inc., 500 So.2d 748 (La.1987); Rivera v. United Gas Pipeline Co., 96-502 (La.App. 5th Cir. 6/30/97), 697 So.2d 327.
[9] Kumpe v. State, 97-386 (La.App. 3rd Cir. 10/8/97), 701 So.2d 498, 500.