| WILLIAMS, Judge.
The plaintiff, Stacey Culver, appeals a judgment in favor of the defendants, McConnell Painting, Inc. and Great American Insurance Company. The district court granted the defendants’ motions for summary judgment, finding that the defendant, Sylvester Brown, was not in the course and scope of his employment when *243 he shot and injured plaintiff. For the following reasons, we affirm.
FACTS
On December 15,1998, at approximately 6:45 pm, Stacey Culver was driving his vehicle on Hearne Avenue in Shreveport, Louisiana. Sylvester Brown was driving on Hearne Avenue in a vehicle owned by his employer, McConnell Painting, Inc. (“McConnell”). While stopped at the intersection of Hearne and North Market Street, Culver and Brown exchanged words about possible contact between the vehicles. Both drivers turned into the parking lot of a nearby vacant business. According to Brown, he removed a .357 revolver from the truck and aimed at Cul-ver, who was advancing toward Brown and refused to stop after being warned not to proceed. Brown shot Culver four times, causing injury to his right shoulder, chest, abdomen and thigh.
The plaintiff, Stacey Culver, Sled a petition for damages against the defendants, Brown, his employer, McConnell and its insurer, Great American Insurance Company (“Great American”). Subsequently, both McConnell and Great American filed motions for summary judgment alleging that Brown was not acting in the course and scope of his employment at the time of the shooting. Additionally, Great American Igcontended that Brown was not covered by the insurance policy issued to McConnell because of the intentional acts exclusion provision.
In his deposition, Brown testified that he was operating a truck owned by McConnell as a benefit of his job as foreman of a drywall crew. He was allowed to use the truck for personal reasons and was not paid while using the truck. Brown was supplied with a gasoline card by McConnell and was reimbursed for parts he purchased for the truck. On the day of the incident, Brown had finished working for McConnell at 3:30 pm and then went to work at his own “side” job. Brown was driving home at the time of the incident. The gun used in the shooting was owned by Brown, who did not believe McConnell’s owner was aware that he carried a handgun to work.
After a hearing, the district court granted the motions for summary judgment, finding that McConnell and Great American were not liable because Brown had not been acting in the course and scope of his employment when he shot and wounded the plaintiff. The court rendered judgment dismissing plaintiffs claims against McConnell and Great American. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting the motion for summary judgment. Plaintiff argues that Brown was acting in the course and scope of his employment when he fired the gun because he had stopped to inspect the employer’s vehicle for damage.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that pthere is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, then he is required to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or action. LSA-C.C.P. art. 966(C)(2).
The party opposing summary judgment cannot rest on the mere allegations of his pleadings, but must show that he has evi *244 dence which could satisfy his evidentiary burden at trial. If he does not produce such evidence, then there is no genuine issue of material fact and the mover is entitled to summary judgment. Article 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
An employer is liable for a tort committed by his employee if at the time, the worker was acting within the course and scope of his employment. LSA-C.C. art. 2320; Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994. In order for an employer to be vicariously liable for the torts of its employee, the conduct must be so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business. Baumeister, supra; Barto v. Franchise Enterprises Inc., 588 So.2d 1353 (La.App. 2d Cir.1991).
|4Culver argues that the shooting arose as a result of Brown’s performance of his job-related duty to investigate whether the truck had been damaged and of the employer’s instructions that Brown should not leave the vehicle unattended. The Louisiana Supreme Court has suggested the following factors be considered in finding an employer vicariously liable for an employee’s deliberate actions: whether the tortious act was primarily employment rooted; whether the violence was reasonably incidental to the performance of the employee’s duties; whether the act occurred on the employer’s premises; and whether it occurred during the hours of employment. Watkins v. International Service Systems, 32,022 (La.App.2d Cir.6/16/99), 741 So.2d 171.
In the present case, Brown testified in his deposition that his purpose in turning off the road was to call the police and get an accident report. Brown stated that he wanted the report in case the other driver sued and said there was a hit-and-run and to prevent losing his job. Brown testified that he did not care whether the truck had been damaged because it was not his vehicle. Additionally, Brown stated that he fired the gun to protect himself and was not protecting the employer’s property.
The evidence shows that the shooting occurred neither on the employer’s premises, at a job site nor during the regular hours of employment. The incident did not involve a dispute with a co-employee and was not related to Brown’s duties as foreman of a drywall crew. Thus, Brown’s use of a gun was not primarily employment rooted. Even if we accept the contention that stopping to look for damage to the employer’s | ^vehicle and obtain a police report was a part of Brown’s job, the issue is whether the performance of this duty could reasonably involve the firing of a handgun. Brown stated that he was carrying a cell phone at the time of the incident, so that he could have called the police from inside the truck without the need to confront the other driver. Based on the evidence presented, the plaintiff failed to show that Brown’s violence was reasonably incidental to the performance of his job duties.
The submitted deposition and trial testimony demonstrated that the only connection between the shooting and Brown’s employment was the fact that he was driving his employer’s vehicle at the time. The applicable considerations in determining whether an employer is liable for its employee’s fault when driving a company vehicle include: 1) whether the vehicle was being used to benefit the employer, 2) *245 whether the employee was subject to the employer’s control at the time of the accident, 3) whether the worker’s use of the vehicle was authorized, and 4) whether the worker’s motive arose from personal objectives or his employer’s concerns. Castille v. All American Insurance Co., 550 So.2d 334 (La.App. 3rd Cir.1989).
At the time of the shooting, Brown was not within McConnell’s control and was not using the vehicle to benefit the employer. Brown stated that he was not concerned about damage to the truck, but was worried that he would lose his job if plaintiff reported the incident as a hit and run. Thus, Brown’s desire for a police report to protect himself from a potential complaint was a personal consideration. Significantly, Brown acknowledged that when he shot the plaintiff, he was defending himself | (¡from an alleged personal threat and was not trying to protect the employer’s truck. The evidence in the record shows that Brown’s motive in shooting was his own self-interest and not the concerns of his employer.
The defendants pointed out that Brown’s violent act did not occur on the employer’s premises, did not happen during work hours and did not involve a co-employee. Additionally, although Brown was authorized to use the employer’s vehicle, the evidence shows that at the time of the shooting, Brown was not subject to the employer’s control, was not using the truck to benefit his employer and that he acted out of a personal motive.
Thus, the burden shifted to the plaintiff to produce factual support sufficient to demonstrate that he would be able to prove that Brown’s discharge of a firearm was so closely connected to his employment duties that the risk of harm could fairly be attributed to his employer. After reviewing the record, we must conclude that the plaintiff failed to provide sufficient evidence to satisfy his burden. Consequently, there is no genuine issue of material fact and the district court did not err in granting the defendants’ motions for summary judgment.
CONCLUSION
For the foregoing reasons," the district court’s judgment granting the motions for summary judgment is affirmed. Costs of this appeal are assessed to the appellant, Stacey Culver.
AFFIRMED.