| .MARION F. EDWARDS, Judge.
Plaintiff/appellant Michael Brooks appeals a judgment of the district court granting a Motion _ For Summary Judgment in favor of the defendant/appellee, the Parish of Jefferson. We affirm.
Brooks filed suit against Pedro Guerrero, Amanda Cabral and their respective insurers, as well as against his own uninsured motorist carrier, for injuries received in an automobile accident. Brooks averred in his original petition that on May 28, 1998, at approximately 11:10, he was a passenger in a truck owned by Jefferson Parish and driven by Guerrero, when Guerrero attempted a left turn, crossed two lanes of traffic and was then struck in the rear passenger side by an auto driven by Cabral. Brooks stated that at the time of the accident, he was in the | .course and scope of his employment with Jefferson Parish in the Public Works Department. His duties included driving from one pumping station to another to perform maintenance work. In an amending petition, and in his opposition to the Motion For Summary Judgment, Brooks averred that at the time of his injury, he was on his lunch hour. Brooks denied that either he or Guerrero were in the course and scope of employment when the accident occurred, but were on their lunch hour for which they are not paid.
The trial court granted the Parish’s motion, dismissing Brooks’ petition against *426 Guerrero and the Parish of Jefferson with prejudice. Other than finding that Brooks was “well within the course and scope [of employment]”, no reasons were given. Brooks appeals.
Admitted at the hearing on the Motion For Summary Judgment was Brooks’ deposition. Therein he stated that in order to do maintenance inspections, he picks up a truck from the Parish yard on Jefferson Highway, and goes out on an assigned route. His hours are from 6:00 a.m. to 2:30 p.m., with one unpaid half-hour lunch break. When taking that break, Public Works employees typically call in with their location and then go to lunch, using the Parish vehicles. Brooks always brings his lunch. On the day of the accident, Guerrero planned to go to the Yenni Office Building in Elmwood in order to conduct personal business at the credit union, having obtained permission from his supervisor to do this on his lunch hour. The maintenance teams took turns driving, and on the day of the accident it was Brooks’ turn to drive. However, Guerrero took the wheel that day to make his trip to the credit union. While Guerrero was inside the Yenni building, Brooks planned to eat his lunch.
Guerrero agreed to go to an E-Z Serve so that Brooks could warm his lunch |4in a microwave. It was about 11:10 a.m. when Brooks pointed out the E-Z Serve. Guerrero máde a swift left turn from Airline Highway onto North Arnoult, crossed two lanes of traffic and collided with Ms. Cabral. When the accident occurred, neither Brooks nor Guerrero had telephoned in their lunch break. Brooks stated rather confusingly that at the time of the accident, “It’s the working time because lunch didn’t start until 11:30. We wasn’t working at the time of the accident.” After the accident, Brooks received compensation payments from Jefferson Parish for approximately one month.
According to Brooks, the Parish makes license checks on its employees about once a month. At the time of the accident, Brooks learned that Guerrero’s license had been suspended.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate.[1] An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law.[2] Moreover, the summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions.[3] According to La. C.Civ.Pro. art 966(C)(2):
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to | ¡/point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual *427 support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The statute requires that on a motion for summary judgment, the nonmover must establish the existence of proof of an essential element of his claim for which he will bear the burden of proof at trial.[4] In the present matter, in order to avail itself of tort immunity, it was necessary for the Parish to prove that Brooks was in the course and scope of his employment at the time of the accident.[5]
The only evidence produced at the motion was Brooks’ deposition, the Petition for Damages, and the Petition for Intervention for Worker’s Compensation Benefits filed by the Parish. From the record on appeal, it appears that the accident occurred when, on the way to driving to the credit union, Guerrero detoured long enough to accommodate Brooks’ need to heat his lunch.
The relevant query to be determined is whether Brooks was in the course and scope of his employment at the time of the accident, when Brooks, because he was partnered that day with Guerrero, was to accompany Guerrero to the credit union. The parties concentrate in brief on whether or not Brooks was on his unpaid lunch hour at the time, and whether this fact took him outside the course and scope of employment.
Brooks stated that they are allowed to use the truck to get sandwiches during lunch their 30 minute break. The deposition further indicates that Guerrero had special approval to drive the Parish vehicle for a personal errand, beyond the |r,usual lunchtime use, on his 30 minute break. There is no evidence that permission was given to take more time than one-half hour.
An employee using his employer’s supplied vehicle to go on a lunch break has previously been found to be within the course and scope of employment when an accident occurred.[6] The court found in that case that the city not only acquiesced in, but authorized the use of its vehicles by employees for this purpose. In the present case, the record shows that Mr. Brooks was on his lunch hour with Mr. Guerrero. The mere fact that an employee is performing a personal errand while on an employment related errand does not automatically compel the conclusion that the deviation removes the employee from the course and scope of employment. An employee’s personal mission and his employer’s business are not necessarily mutually exclusive.[7]
As a general rule, an accident which occurs while an employee is traveling to and from work is not considered as having occurred during the course and scope of employment. This rule is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves work until he returns to work. However, there are instances where exceptions to this rule have been recognized. One exception to the rule occurs when the *428 employer has furnished transportation as an incident to the employment agreement, either through a vehicle or payment of expenses, or where wages are paid for the time spent in traveling.[8]
A variation or refinement of that exception occurs if operation of the vehicle is actually is performance of the employment responsibility.[9] Applicable ^considerations in determining whether an employer is liable for its employee’s fault when driving a company vehicle include: 1) whether the vehicle was being used to benefit the employer; 2) whether the employee was subject to the employer’s control at the time of the accident; 3) whether the worker’s use of the vehicle was authorized, and 4) whether the worker’s motive arose from personal objectives or his employer’s concerns.[10]
In the present case, Brooks was riding in his employer’s truck, the operation of which was in performance of his employment responsibility, and was authorized to use the vehicle at lunchtime as an incident of employment, to advance effective use of work time i.e., to further the employer’s concerns. Going to lunch in the truck thus arose out of the nature of the particular employment, which employment required the workers to be on the road during the course of the workday.
Therefore, we find that the trial court correctly granted summary judgment in favor of the Parish of Jefferson, finding that Brooks was in the course and scope of employment when the accident occurred. The judgment is affirmed, and costs are assessed to appellant.
AFFIRMED.

.Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; McVay v. Delchamps, Inc., 97-860 (La.App. 5 Cir. 1/14/98), 707 So.2d 90.

. Magnon v. Collins, 739 So.2d 191, (La.1999).

. Id.; La.C.Civ.Pro. art 966(A)(2).

. Systems Contractors Corp. v. Williams and Associates Architects (99-1221 La.App. 5 Cir. 9/26/00), 769 So.2d 777.

. See Bolton v. Tulane University of Louisiana 96-1246 (La.App. 4th Cir. 1/29/97), 692 So.2d 1113. Also Sallean v. Jefferson Parish Medical Soc 01-128 (La.App. 5th Cir.5/30/01), 788 So.2d 1205, 1207.

. Howard v. City of Alexandria, 581 So.2d 321, (La.App. 3rd Cir.1991).

. Ziegler v. Bagby Construction/LWCC, 99-1120 (La.App. 5 Cir. 4/25/00), 760 So.2d 513, 520, writ denied 200-C-1458, (La.6/30/00), 766 So.2d 544.

. Keith v. Gelco Corp, 30,022 (La.App. 2 Cir. 12/10/97), 705 So.2d 244, citations omitted.

. White v. Canonge, 01-1227 (La.App. 5 Cir. 3/26/02), 811 So.2d 1286, 1290, citing Washington v. Avondale Industries, Inc., 98-0362 (La.App. 4 Cir. 3/18/98), 708 So.2d 1254, 1257.

.Castille v. All American Insurance Co., 550 So.2d 334 (La.App. 3rd Cir.1989), writ denied 556 So.2d 1261, (La.1990); Culver v. Brown 35,281 (La.App. 2nd Cir.12/5/01), 803 So.2d 242.