'I¡¡THOMAS F. DALEY,-Judge.
In this civil appeal, the plaintiff/appellant, Kimbly Kerry, appeals the trial judgment granting the defendants’ Motion for Summary Judgment.
FACTS:
On April 14, 2000, the plaintiff/appellant, Kimbly Kerry was injured, breaking his wrist and sustaining a compound fracture to his leg when he fell off of a ladder that shifted as he attempted ,to step onto a forklift, while he was helping a co-worker install an air conditioner.
Kimbly Kerry was employed by New Jerusalem Christian Community to perform various jobs such as painting, applying sheetrock, and light carpentry work. Mr. Kerry, a carpenter’s helper, was contracted to'work along with his co-workers at the Williams Scotsman, Inc. facility to paint, install new-walls and sheétrock on office trailers belonging to the defendant, Williams Scotsman, Inc. Plaintiff, Kimbly Kerry was assisting a co-worker to install a commercial air-conditioning unit for the office trailer. ■ While Mr. Kerry and his coworker were |sinstalling the air-conditioning unit; Mr. Kerry was straddling a forklift and an adjacent ladder. When the ladder shifted he fell to the ground and was injured.
On April 12, 2001, Kerry filed suit against Williams Scotsman and Werner Ladder Company, the manufacturers of the ladder used by Kerry in conjunction with the forklift to install the air conditioner. In his original and first amended petitions for damages, Kerry alleged that the actions of Scotsman, specifically in failing to provide a safe working environment, failing to train and supervise workers, and in creating a dangerous work environment were in contravention of the exercise of due care and were the proximaté cause of his serious and permanent physical and emotional injuries, which included profound suffering and mental anguish.
On February 2, 2004, Scotsman filed a Motion for Summary Judgment. In its Memorandum in Support, Scotsman argued that there was no factual allegation or evidence that the operation of its forklift was the cause of the accident. Furthermore, Scotsman noted that the plaintiff did not contend that the operation of its forklift was the cause of his injury. Instead, the injury allegedly occurred when the plaintiff attempted to step off the ladder that he placed by the trailer, in order to reinstall the air conditioning unit, and onto the stationary forklift. Scotsman claims that this is the reverse of the procedure the two men performed the day before when they removed the air conditioner from the trailer. Scotsman argued that it was not liable for any alleged negligence on the part of the independent contractor, because the installation of the air conditioning unit was not inherently or intrinsically dangerous, and it did not supervise or control the work done by Thompson or Kerry, or give express or implied authorization to perform an unsafe practice. Scotsman noted that Thompson paid Kerry’s wages directly to Jerusalem, and that Kerry was hired out to and under the supervision of an independent contractor, Thompson. Therefore, Scotsman owed no duty to Kerry.
l4On March 10, 2004, at the hearing on the Motion for Summary Judgment, the trial court granted the motion after finding that Scotsman had no duty whatsoever to provide any supervision for Kerry and his co-worker. The court noted that the installation of the air conditioner was not an ultra hazardous activity and there was no written contract between the parties making Scotsman responsible for the supervision. Rather, the court found that Thompson, the independent contractor, had the *105 duty to Kerry since he had insurance , and was in this type of business.
DISCUSSION
In his sole Assignment of Error, the plaintiffiappellant argues that the trial court erred in granting the Motion for Summary Judgment filed by defendant/ap-pellee, Scotsman.
A Motion for Summary Judgment should be granted when there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. Costly v. Batiste, 01-496, p. 3 (La.App. 5 Cir. 11/14/01), 802 So.2d 752, 754. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts in order to determine whether the grant of summary judgment was appropriate. Skidmore v. Initial DSI Transport, Inc., 99-1066, p. 2 (La.App. 5 Cir. 2/29/00), 757 So.2d 107,108.
In this case, Kerry, the plaintiff/appellant appeals the trial court’s grant of Scotsman’s Motion for Summary Judgment alleging that there exists genuine issues of material fact as to whether Kerry’s injuries were foreseeable and a direct result of Scotsman’s express or implied authorization allowing unskilled and untrained workers unsupervised use of their forklift, which Kerry asserts created a dangerous and unsafe work environment.
| ¡Appellee, Scotsman argues that Kerry was under the control and supervision of the independent contractor, and therefore, it had no duty to the plaintiff upon which to base a cause of action or apply a duty risk analysis. Scotsman contends that it is not vicariously liable for any alleged negligence on the part of the independent contractor, because the installation of an air conditioning unit is not inherently dangerous, and it did not supervise or control the work done by Kerry, or give express authorization to perform an unsafe practice.
In general, a principal is not liable for the offenses committed by an independent contractor while performing its contractual duties, except when the work is ultra hazardous, and the principal retains the right to supervise or control the work of the independent contractor. Systems Contractors Corp. v. Williams and Associates Architects, 99-1221, 99-1222, p. 5 (La. App. 5 Cir. 9/26/00), 769 So.2d 777, 781.
In this case, Scotsman hired Thompson as its independent contractor to make renovations at its facility, which included the refurbishment of an office trailer. There was no written contract by which Scotsman retained the right to supervise and control the work done by Thompson. Thompson hired the services of the plaintiff from Jerusalem. Thompson paid Jerusalem for the work done by the plaintiff, and then Jerusalem paid the plaintiff. There was no contract between the plaintiff and Scotsman.
On the day of the accident, the plaintiff was assisting in the re-installation of a window air conditioning unit that was previously taken out by the plaintiff to install siding on the trailer. The removal and installation of the air conditioning unit was accomplished with the aid of a forklift belonging to Scotsman that was requested by. the plaintiff and his co-worker, because of the unit’s size. In addition to the forklift, the plaintiff used a ladder that was owned by Jerusalem. The accident occurred when the plaintiff attempted to step off the ladder he positioned [(¡by the trailer onto the stationary forklift, and the ladder shifted causing him to fall to the ground. When the accident occurred, the plaintiff was working for an independent contractor, therefore, Scotsman had no duty towards the plaintiff unless the work he was asked to perform was inherently dangerous and Scotsman retained the *106 right to supervise or control' the work. The plaintiff has not proven that the work he performed, re-installation- of the air conditioning unit, was either inherently or intrinsically dangerous, nor that -Scotsman supervised -or controlled the work done by the plaintiff or gave express or implied authorization to perform an unsafe practice. Therefore, Scotsman had no duty to the plaintiff.
For the foregoing reasons, the ruling of the trial court granting the defendant’s Motion for Summary Judgment is affirmed.
AFFIRMED.