**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2011

Lyle W. Cayce
Clerk

No. 10-30635
Summary Calendar

FARTIMA HAWKINS,

Plaintiff-Appellant,

v.

SEAN FOWLER; STATE FARM AUTOMOBILE INSURANCE COMPANY;
UNITED STATES OF AMERICA,

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:09-CV-639

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Fartima Hawkins appeals the district court's grant of summary judgment in favor of the United States of America. At issue is whether (1) Sergeant Sean Fowler, at the time of his motor vehicle accident with Hawkins, was acting within the course and scope of employment, and (2) whether the disputed fact that Fowler had permission to use a government owned vehicle (GOV) constitutes a genuine issue of material fact sufficient to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30635

preclude summary judgment.  We AFFIRM.

I

Early on February 5, 2008, Mardi Gras, Sean Fowler was involved in a motor vehicle accident with Fartima Hawkins at the intersection of Harding and Howell Boulevards in Baton Rouge, Louisiana.  At the time of the accident, Fowler was employed as a recruiter on active military status by the United States Army and was operating a GOV.  He worked in the Army Recruiting Office in Covington, Louisiana where he had been assigned for approximately one year prior to the accident.  At no point during his tenure with the Covington office was Fowler provided with a monetary mileage allotment or other compensation for the commute between his home and the recruiting station.

Prior to the accident, Fowler had worked a full day before going out drinking with his friends.  He then returned briefly to the office to gather some belongings in preparation for the next day, which he had off for Mardi Gras.  At approximately 12:30 a.m., Fowler departed from the recruiting office and began to drive toward his home in Baton Rouge.  As he approached the intersection of Harding and Howell Boulevards in north Baton Rouge, Fowler fell asleep at the wheel and collided with Hawkins' vehicle.  Police detained Fowler, administering a breathalyser test which revealed his blood alcohol content to be .112%, exceeding the legal limit in Louisiana.

II

We review the district court's grant of summary judgment de novo. *Hodges v. Delta Airlines, Inc.,* 44 F.3d 334, 335 (5th Cir. 1995) (en banc). Summary judgment is proper where there is no genuine dispute as to any material fact and where the moving party is entitled to judgment as a matter of law. *Hunt v. Cromartie,* 526 U.S. 541, 552 (1999); *see also* Fed. R. Civ. P. 56(a).

The potential liability of the United States under the Federal Tort Claims

No. 10-30635

Act (FTCA) is limited to injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).[1] To determine whether a negligent or harmful act occurred within the course and scope of a particular federal employee's duty, the court must rely on the law of the state in which that act occurred. *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995) (*en banc*).

Louisiana law provides that an employer is liable for damage caused by employees "in the exercise of the functions in which they are employed". LSA-C.C. art. 2320.[2] Generally, an employee's conduct is within the course and scope of employment if it is (1) of the kind that he or she is employed to perform, (2) it occurs within the authorized limits of time and space of employment and (3) it is initiated in part by a purpose to serve the employer. *Orgeron v. McDonald*, 639 So.2d 224, 227 (La. 1994). When an employee is involved in a motor vehicle accident on his way to or from a fixed place of employment, as was the case here, the "going and coming" rule generally provides that the accident occurred outside the course and scope of employment. *Id*.

In response, Hawkins first argues that the "going and coming" rule should not apply because the accident occurred while Fowler was operating an Army vehicle with either implied or express permission, and relies on *Brooks v. Guerrero*, 831 So.2d 424, 427–28 (La. App. 5th Cir. 2002). That exception to the "going and coming" rule is appropriate when use of the vehicle is in the

---

[1] Where military personnel are concerned, "acting within the scope of his office or employment" is considered equivalent to "acting in the line of duty." 28 U.S.C. § 2671.

[2] The full text of this provision reads, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."

performance of an employment responsibility.[3] *Id.* at 28. Several factors inform that analysis, including: (1) whether the employee's use of the vehicle benefitted the employer, (2) whether the employee was subject to the authority of the employer at the time of the accident, (3) whether the employee was authorized to use the vehicle and (4) whether the worker was motivated to use the vehicle, at least in part, by the employer's concerns. *Id.* In *Brooks,* the employer permitted employees in the field to use a company vehicle during their unpaid lunch breaks. This was done in order to alleviate the time delay presented by employees driving back and forth to the central office to pick up their personal vehicles for lunch. While determining those employees to be within the course and scope of employment, that court simultaneously addressed the fact that the employer not only expressly authorized the use of the vehicle, but that it did so out of an interest in the effective use of its employees' time.[4]

By contrast, here there is no evidence on the summary judgment record that Fowler's use of the GOV was related to any employment responsibility or of any value to the Army. Instead, the undisputed evidence demonstrates that Fowler was going home for the Mardi Gras holiday at the time of the accident. Accordingly, he was not acting within the course and scope of duty as a military recruiter. While the claim that Fowler had permission to use a GOV on the

---

[3] Hawkins also relies on two Louisiana worker's compensation cases for the proposition that an exception to the "going and coming" rule applies here. *Keith v. Gelco Corp.*, 705 So.2d 244 (La. App. 2d Cir. 1997); *Phillips v. EPCO Carbon Dioxide Products, Inc.*, 810 So.2d 1171 (La. App. 2 Cir. 2002). Those cases only apply if transportation is provided (either through a vehicle or payment of expenses) as an incident to the employment agreement. Hawkins does not contend that the Army had an employment agreement with Fowler which stipulated that he would receive transportation for his daily commute or that the Army had any obligation to provide Fowler's with transportation. Therefore these cases are inapposite.

[4] Hawkins can point to no case that supports her contention that Fowler must have been within the course and scope of employment because the Army's Recruiting Operations Manual encourages recruiters to "make the best use of the 24 hours they have each day" and to prospect relentlessly.

No. 10-30635

evening of the accident is genuinely disputed, it is not material to the determination of course and scope. As a result, no genuine issue of material fact exists that might preclude entry of summary judgment in favor of the United States.

AFFIRMED.