McCLENDON, J.
I ¡An employee, .who filed a petition for damages against his employer, appeals the judgment of the trial court granting summary judgment in favor of his employer. The trial court dismissed the employee’s claims, concluding that the employee’s sole remedy against his employer was in workers’ compensation. For .the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On September 12, 2013, Melvin Sharp and his supervisor, Charles Tayior, both employees of Ellis Electric Company, were on their lunch break when they went to Capitol One Rank in Prairieville, Louisiana, to cash their paychecks. Mr. Taylor was driving a pickup truck owned and maintained by Ellis Electric, and Mr. Sharp was a guest passenger in the vehicle. As Mr. Taylor was attempting to exit Capitol One’s parking lot, the pickup truck he was driving was struck by a vehicle being driven by Ernie Gautreaux, Jr.
*832 Mr. Sharp ‘subsequently filed suit against Mr. Taylor,. Ellis Electric, and United Fire & Indemnity Company, Ellis Electric’s liability insurance provider, among others, for injuries allegedly sustained in the accident. In his petition, Mr. Sharp alleged that Mr. Taylor was “acting in the course and scope of his employment with Ellis Electric Company as a supervisor.” • •
’ United Fire as well as Ellis Electric and Mr. Taylor subsequently filed motions for summary judgment, asserting that Mr. Sharp’s claims against Mr. Taylor, Ellis Electric, and United Fire, (hereinafter collectively “the employer”) occurred within the course and scope of employment such that Mr. Sharp’s exclusive remedy was in workers’ compensation as provided in LSA-R.S. 23:1032. In support, the employer attached the affidavit of George E. Ellis, owner of Ellis Electric, who attested that Ellis Electric’s “employees were granted use of the pickup truck to use on their break to run a personal errand, as this was policy of Ellis Electric.” Mr. Ellis also attested that Mr. Sharp and Mr. Taylor “departed from, and were expected to return to work'following their break.”
|sMr. Sharp opposed the employer’s motion for summary judgment, asserting that he was not in the course and scope of employment at the time of the accident. Mr. Sharp noted that prior to the accident it was undisputed that he and Mr. Taylor were on break and that they were not paid for their break. Moreover, Mr. Sharp noted that at the time of the accident he was a passenger in a vehicle coming from a bank where personal checks were cashed.
Following a hearing, the trial court granted the employer’s motion for summary judgment, .dismissing Mr. Sharp’s claims against United Fire, Ellis Electric, and Mr. Taylor, with prejudice.[1] Mr. Sharp filed a motion for new trial, which the.trial court denied.
Mr. Sharp has appealed, asserting that genuine issues of material fact remain regarding wliether he was in the course and scope of employment at the time of the accident.
DISCUSSION
Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, admitted for purposes of the motion for summary judgment, show that'there are no genuine issues of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2).
On a motion for summary judgment, the initial burden of proof is on the mover. If the moving party will not bear the burden of proof at trial, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary | ¿burden at trial. If the non- *833 moving party fails to make this requisite showing, there is no genuine issue, of material fact, and summary -judgment should be granted. LSA-C.C.P. art. 966(C)(2).
A summary judgment' is reviewed ■ de novo on appeal under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. East Tangipahoa Development Company, LLC v. Bedico Junction, LLC, 08-1262 (La.App. 1 Cir. 12/23/08), 5 So.3d 238, 243, writ denied, 09-0166 (La.3/27/09), 5 So.3d 146. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is materia! can be seen only in light of the substantive law applicable to the case. The Shaw Group v. Kulick, 04-0697 (La.App. 1 Cir. 4/8/05), 915 So.2d 796, 800, writ denied, 05-1205 (La.11/28/05), 916 So.2d 148.
Under the Workers’ Compensation Act, employers are responsible for compensation benefits to an employee when the employee’s injury results from an accident “arising out of and in-the course of his employment.” LSA-R.S. 23:1031(A). Generally, the Act provides for the employee’s exclusive rights and remedies against the employer for such injury. See LSA-R.S. 23:1032.
For purposes of workers’ compensation, the requirement that an employee’s injury occur “in the course of’ employment focuses on the timé and place relationship between the injury and the employment. McLin v. Industrial Specialty Contractors, Inc., 02-1539 (La.7/2/03), 851 So.2d 1135, 1139-40. ‘ In determining whether the employee’s conduct is related to employment, the court considers several factors, including: ■ the payment of wages by the employer; the employer’s power of control; the employee’s dúty to perform the act in question; the time, place and purpose of the act in relation to the employer’s service; the relationship between the employee’s act and the employer’s business; the benefits received by the employer from the act; the employee’s motivation for performing -the act; and the employer’s reasonable expectation that the employee would perform the act. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224, 227.
| ¡¡Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of his employment. McLin, 851 So.2d at 1140. An exception to this general rule is recognized when transportation is furnished as an incident of employment, either through a vehicle, a conveyance and driver, or payment of expenses. Michaleski v. Western Preferred Casualty Company, 472 So.2d 18, 20 (La.1985).
Mr. Sharp asserts that he was not within the course and scope of employment such that He can proceed with his suit for damages. Mr. Sharp notes that it is undisputed that he and Mr. Taylor had just run a personal errand — cáshing their paychecks — at the time of the accident. Moreover, Mr. Sharp notes' that he was not being paid at' the time óf the accident. Further, 'Mr. Sharp testified that he and Mr. Taylor had "not yet eaten lunch, and they had' “no game plan” after lunch.' Mr. Sharp indicated that he and Mr. Taylor “knew [they] had to go to another job” and were awaiting instructions from their supervisor. Similarly, Mr. Taylor aéknowl-edged that he had not yet eaten lunch before going to cash his paycheck, and that he was heading back to the job site with his lunch at the time of the accident.
Mr. Sharp asserts that according to the testimony, he and Mr. Taylor had not eaten lunch at the time of the accident; therefore, he maintains that he continued to be *834 on a personal, unpaid, non-employment related activity. Mr.. Sharp contends that this supports the proposition that he was not within the course and scope of his employment at the time of the accident. Mr. Sharp asserts that at the very least, it creates . a genuine issue of material fact bearing on whether he was in the course and scope of the employment at the time of the accident.
In support, Mr. Sharp cites Timmons v. Silman, 99-3264 (La.5/16/00), 761 So.2d 507, and Portillo v. Progressive Paloverde Ins. Co., 13-815 (La.App. 5 Cir. 3/26/14), 138 So.3d 696, wherein the employees in both cases were found to be on purely personal errands in going to and coming from the bank, respectively, at the time of their accidents such that they were not in the course and scope of their employment. In both cases, however, the employees |fiwere using their own personal vehicles at the time of their accidents. Timmons, 761 So.2d at 509; Portillo, 138 So.3d at 700. Because Mr. Sharp and Mr. Taylor were in their employer’s vehicle,-we find Keith v. Gelco Corp., 30,022 (La.App. 2 Cir. 12/10/97), 705 So.2d 244, instructive. In Keith, employees, brought a personal injury action against their employer after they were involved in an accident traveling home from a worksite in a vehicle owned by their employer. In concluding that the employees were in the course and scope of their, employment and affirming the grant .of summary judgment in favor of the employer, the appellate court reasoned:
Here, it is undisputed that at the time of the accident, plaintiffs were traveling in a company vehicle which was being driven by their supervisor, a co-employee. Although employees were not required to travel to and from work and their homes in company vehicles, it is clear from the affidavits and depositions submitted by both sides that it was customary for the crew to ride in the company vehicle with their 'operator/supervisor :to and from the work site. Pride paid for the gas and the maintenance of the cómpány vehicle. Pride’s custom of providing transportation is contrary to the plaintiffs’ -assertion that the ride which plaintiffs accepted from [their supervisor] on the day of the accident was gratuitous. This method of transportation of the crew occurred on a regular basis. At the time of the accident, plaintiffs were passengers in the company vehicle that was driven by a co-employee as an incident to the employment agreement. Therefore, the plaintiffs’ accident occurred during the course and scope of their employment with Pride.
The submitted documentation is sufficient to prove the ultimate issue of whether plaintiffs were within the course and scope of their employment at the time of the accident. The issue of whether plaintiffs received payment for travel is not material under the facts of this case and does not preclude a grant of summary judgment.
Keith, 705 So.2d at 248.
Similarly, in Brooks v. Guerrero, 02-379 (La.App. 5 Cir. 10/29/02), 831 So.2d 424, the Fifth Circuit held that a Jefferson Parish public works employee, who was a guest passenger in a public works vehicle, was in the course and scope of his employment when he was injured in an automobile accident that occurred while he was on an unpaid lunch break. In affirming the grant of summary judgment in favor of the employer, the appellate court stated:
An employee using his employer’s supplied vehicle to go on a lunch break has previously been found to be within the course and scope of employment when an accident occurred. The court found" in that case that the.city not only acquiesced in, but authorized the 17use of *835 its vehicles by employees for this purpose. In the present case,-the record shows that Mr. Brooks was on his lunch hour with Mr. Guerrero. The mere fact that an employee is performing a personal errand while on an employment related errand does not automatically compel the conclusion that the deviation removes the employee from the course and scope of employment. An employee’s personal mission and his employer’s business are not necessarily mutually exclusive.
[[Image here]]
In the present case, Brooks was riding in his employer’s truck, the operation of which was in performance of his employment responsibility, and was authorized to use the vehicle at lunchtime as an incident of employment, to advance effective use of work time i.e., to further the employer’s concerns. Going to lunch in the truck thus arose out of the nature of the .particular employment, which employment required the workers to be on the road during the course of the workday. [Footnotes omitted.],
Brooks, 831 So.2d at 427-28.
It is undisputed that Mr. Sharp was employed by Ellis Electric and was occupying a vehicle owned by his employer, and operated by a co-employee, at the time of the aecident. Ellis Electric provided all fuel and maintenance for the vehicle and routinely allowed its employees to use company vehicles during their lunch break. Moreover, it is undisputed that Mr. Sharp and Mr. Taylor were using the Ellis Electric truck to run errands during their lunch break to facilitate the return to the job site.- Even though-Mr. Sharp, and/or Mr.-Taylor had not eaten-lunch prior to the accident and were not paid during the break, the evidence submitted in. support of the motion for summary judgment establishes that Mr. Sharp was in the course and scope of employment at the time of the accident. Theréfore, we find no error .in the trial court’s ruling granting summary judgment ■ in favor- of« the employer. Mr. Sharp’s assignment of error is .without merit.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s judgment granting summary judgment in favor of the defendants, United Fire and Indemnity Company, Ellis Electric Company, and Charles Taylor. Costs of this appeal are assessed to plaintiff, Melvin Sharp. ■' ' ■
AFFIRMED.

. The original judgment signed’ by the trial court on December 3, 2014, granted the employer’s motion for summary judgment, but , did not contain appropriate decretal language dismissing any parly from the litigation. See ' LSA-C.C.P. arts.1911 and 1918. After this 1 court issued a rule to show cause why the appeal should not be dismissed because it lacked appropriate decretal language, the parties supplemented the record with an amended judgment. The amended judgment dismissed Mr, Sharp’s claims against the employer with prejudice and further provided that Mr. Sharp’s "sole remedy is through a worker’s compensation claim.”